UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRENCE McCREA, | No. 2:15-cv-1605 KJN P |
| Plaintiff, | |
| v. | ORDER |
| JEFF McCOMBER, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and is proceeding in forma pauperis. This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302. Plaintiff consented to proceed before the undersigned for all purposes. See 28 U.S.C. § 636(c). On August 28, 2015, plaintiff's complaint was dismissed, and plaintiff was granted leave to file an amended complaint. On September 14, 2015, plaintiff filed a motion to amend, along with a proposed amended complaint. Because plaintiff was granted leave to amend, and is entitled to amend as of right pursuant to Rule 15 of the Federal Rules of Civil Procedure, plaintiff's motion to amend is denied as moot.

Plaintiff's amended complaint is now before the court. The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that

1  fail to state a claim upon which relief may be granted, or that seek monetary relief from a
2  defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).
3       A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
4  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
5  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
6  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
7  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
8  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
9  Cir. 1989); Franklin, 745 F.2d at 1227.
10      A complaint, or portion thereof, should only be dismissed for failure to state a claim upon
11 which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in
12 support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467
13 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt
14 Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under
15 this standard, the court must accept as true the allegations of the complaint in question, Hosp.
16 Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light
17 most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v.
18 McKeithen, 395 U.S. 411, 421 (1969).
19      In his proposed amended complaint, plaintiff claims "both officers" failed to perform an
20 unidentified duty that allegedly resulted in the deprivation of plaintiff's due process rights.
21 Plaintiff alleges he lost 360 days of time credits and was placed in administrative segregation for
22 15 months.  But rather than provide specific factual details as to the incident or incidents he is
23 challenging, plaintiff argues based on metaphors:  first, as to a mother on drugs who leaves her
24 child in a hot car, and second, as to a bank robber who only nets one dollar from each robbery.
25 (ECF No. 8-1 at 4.)
26      A district court must construe a pro se pleading "liberally" to determine if it states a claim
27 and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an
28 opportunity to cure them.  See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000).  While

detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp., 550 U.S. at 555). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft, 556 U.S. at 678 (quoting Bell Atlantic Corp., 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft, 566 U.S. at 678 (citations and quotation marks omitted). Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth. Id.

Plaintiff has failed to provide sufficient factual allegations for the court to determine whether plaintiff can state a cognizable due process claim. It appears that plaintiff merely sanitized his claims to remove reference to his prison disciplinary, § 3287(a), as well as to facts demonstrating what duties the defendants were engaged in that allegedly violated plaintiff's constitutional rights. If the allegations contained in the amended complaint are simply a sanitized version of the incident plaintiff challenged in his original complaint, plaintiff is cautioned that such pleading is insufficient. In the prior order, plaintiff was provided specific guidance as to what due process rights he is entitled to in connection with a prison disciplinary proceeding. Plaintiff does not have a due process right based on a generic claim that defendants failed to perform an "obligated duty to uphold policy." (ECF No. 8-1 at 3.)

The court finds the allegations in plaintiff's amended complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief. The court has determined that the amended complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and

3

succinctly.  Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the amended complaint must be dismissed.  The court will, however, grant leave to file a second amended complaint.

If plaintiff chooses to file a second amended complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's federal constitutional or statutory rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the second amended complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This requirement is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files a second amended complaint, the original pleading no longer serves any function in the case.  Therefore, in a second amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.  Because the instant order authorizes plaintiff to file a second amended complaint, he is not required to file a motion to amend with the second amended complaint.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to amend (ECF No. 8) is denied without prejudice;

2. Plaintiff's amended complaint (ECF No. 8-1) is dismissed; and

3. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules

of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint"; plaintiff must file an original and two copies of the second amended complaint.

Failure to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated:  September 18, 2015

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/mccr1605.14amd