UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRENCE MCCREA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JEFF MCCOMBER, et al.,<br><br>　　　　　Defendants. | No.  2:15-cv-1605 KJN P<br><br><br>ORDER |

　　　　Plaintiff is a state prisoner, proceeding without counsel and in forma pauperis.  Plaintiff consented to proceed before the undersigned for all purposes.  See 28 U.S.C. § 636(c).  Plaintiff's amended complaint was dismissed, and plaintiff's second amended complaint is now before the court.

　　　　The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

1

1  statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic
2  Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter,
3  accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S. Ct. at 1949 (quoting
4  Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusion are
5  not.  Iqbal, 129 S. Ct. at 1949.

6  Despite being granted two opportunities to amend, plaintiff has not presented factual
7  allegations sufficient to state a plausible claim for relief.  Iqbal, 129 S. Ct. at 1949-50; Moss v.
8  U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  First, plaintiff raises allegations
9  concerning allegedly improper cross-gender searches of female inmates by male correctional
10 officers.  (ECF No. 11 at 3-5.)  As a male prisoner, plaintiff does not have standing to raise claims
11 on behalf of such female inmates.  Second, plaintiff again alleges that defendants failed to comply
12 with prison policies or regulations.  But as plaintiff was previously informed, there is no
13 independent cause of action for violation of Title 15 regulations.  Davis v. Kissinger, No. CIV S-
14 04-0878 GEB DAD P, 2009 WL 256574, *12 n.4 (E.D. Cal. Feb. 3, 2009) ("To the extent that the
15 violation of a state law amounts to the deprivation of a state-created interest that reaches beyond
16 that guaranteed by the federal Constitution, Section 1983 offers no redress."); see also ECF No. 5
17 at 3-4.).  Finally, as plaintiff was informed in the court's first screening order, any claim
18 challenging the loss of 360 days good time credits is barred under Heck v. Humphrey, 512 U.S.
19 477, 486-87 (1994), and Edwards v. Balisok, 520 U.S. 641, 646 (1997).  (ECF No. 5 at 4.)

20 Therefore, this court finds that plaintiff's second amended complaint fails to state any
21 federal claims upon which relief may be granted.  Plaintiff was previously provided with the legal
22 standards most applicable to his claims, but has been unable to cure the deficiencies identified
23 despite being granted two opportunities to do so.  Cato v. United States, 70 F.3d 1103, 1106 (9th
24 Cir. 1995) (if, after careful consideration, it is clear a complaint cannot be cured by amendment,
25 the court may dismiss without leave to amend.); see also Moss v. U.S. Secret Serv., 572 F.3d 962,
26 972 (9th Cir. 2009) (same).  After careful review of the pleading, the court has determined that
27 plaintiff is unable to amend to cure the deficiencies identified in the court's two prior orders.
28 Plaintiff's second amended complaint is dismissed without leave to amend.

1     Accordingly, IT IS HEREBY ORDERED that this action be dismissed.

2 Dated: December 18, 2015

4 /mccr1605.56

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE