UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRENCE MCCREA,<br><br>                Plaintiff,<br><br>         v.<br><br>JEFF MCCOMBER, et al.,<br><br>                Defendants. | No. 2:15-cv-1605 KJN P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner, proceeding without counsel and in forma pauperis. Plaintiff consented to proceed before the undersigned for all purposes. See 28 U.S.C. § 636(c). On December 21, 2015, the undersigned dismissed this action and judgment was entered.

On September 21, 2018, plaintiff filed a motion to vacate the order and judgment, claiming that the undersigned did not have jurisdiction, citing Williams v. King, 875 F.3d 500 (9th Cir. 2017).

In Williams, the Court of Appeals for the Ninth Circuit held that the absence of consent by unserved defendants deprived the magistrate judge of jurisdiction to dismiss the complaint. Id.

Under Rule 60(b), the court may relieve plaintiff from a final judgment for the following reasons: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic),

misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Id. "A motion under Rule 60(b) must be made within a reasonable time -- and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

Here, plaintiff's motion was filed two years and nine months after judgment was entered, and over ten months after the Ninth Circuit issued Williams. Plaintiff does not explain his delay. However, in an abundance of caution, and in light of Williams, the undersigned will vacate the order and judgment.

The court turns now to plaintiff's second amended complaint.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusion are not. Iqbal, 129 S. Ct. at 1949.

Despite being granted two opportunities to amend, plaintiff has not presented factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S. Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). First, plaintiff raises allegations concerning allegedly improper cross-gender searches of female inmates by male correctional

officers. (ECF No. 11 at 3-5.) As a male prisoner, plaintiff does not have standing to raise claims on behalf of such female inmates. Second, plaintiff again alleges that defendants failed to comply with prison policies or regulations. But as plaintiff was previously informed, there is no independent cause of action for violation of Title 15 regulations. Davis v. Kissinger, No. CIV S-04-0878 GEB DAD P, 2009 WL 256574, *12 n.4 (E.D. Cal. Feb. 3, 2009) ("To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress."); see also ECF No. 5 at 3-4.). Finally, as plaintiff was informed in the court's first screening order, any claim challenging the loss of 360 days good time credits is barred under Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), and Edwards v. Balisok, 520 U.S. 641, 646 (1997). (ECF No. 5 at 4.)

Therefore, this court finds that plaintiff's second amended complaint fails to state any federal claims upon which relief may be granted. Plaintiff was previously provided with the legal standards most applicable to his claims, but has been unable to cure the deficiencies identified despite being granted two opportunities to do so. Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) (if, after careful consideration, it is clear a complaint cannot be cured by amendment, the court may dismiss without leave to amend.); see also Moss v. U.S. Secret Serv., 572 F.3d 962, 972 (9th Cir. 2009) (same). After careful review of the pleading, the court has determined that plaintiff is unable to amend to cure the deficiencies identified in the court's two prior orders. Plaintiff's second amended complaint is dismissed without leave to amend.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion (ECF No. 14) is granted;

2. The December 21, 2015 order and judgment (ECF Nos. 12, 13) are vacated; and

3. The Clerk of the Court is directed to re-open this action and to assign a district judge to this case; and

IT IS HEREBY RECOMMENDED that this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections

3

1 | with the court and serve a copy on all parties.  Such a document should be captioned
2 | "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that
3 | failure to file objections within the specified time may waive the right to appeal the District
4 | Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
5 | Dated:  March 13, 2019

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/mccr1605.56